**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

WALLACE GRAHAM                                                                                          PLAINTIFF
ADC #107642

V.                                        NO: 1:08CV00033 BSM/HDY

KEVIN WILEY *et al.*                                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

An evidentiary hearing was held in this case on June 1, 2009. Following the presentation of testimony and exhibits by the parties, the preponderance of the evidence causes the Court to enter the following findings and recommendations.

### I. Facts

Plaintiff, an individual formerly incarcerated at the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, on June 9, 2008. Plaintiff named as Defendants Kevin Wiley, who was a deputy with the Pulaski County Sheriff at the time of the events giving rise to this lawsuit; and Justin Tindall and Nathan Marlin, who were both guards at the ADC's Grimes Unit at the time.

All the parties to this lawsuit testified, as did Melvin Geddes, a former Grimes inmate; Brenda Bridgeman, a nurse working with the ADC's medical provider, Lori Dobbs, a Pulaski County deputy; and Randy Morgan, the Chief of Detention at the Pulaski County Jail.

Plaintiff and some other inmates had been to court proceedings on December 10, 2007, and were preparing to return to the Grimes Unit when a disagreement between a deputy Owens and one of the other inmates developed over a decision to not provide the inmates with any food before the trip. As a result of the incident, Owens was replaced by Wiley as the officer who, along with Dobbs, transported the inmates back to Grimes. On the trip back, Plaintiff, who had been one of the inmates voicing his dissatisfaction with the food situation, and Wiley continued to have verbal exchanges.

Upon their arrival at Grimes, Wiley began escorting Plaintiff to transfer him back to the custody of ADC officials. Plaintiff was stopping along with way, and Wiley was pushing him in the back in an effort to move him forward. Verbal exchanges between the two men continued, and at one point, Plaintiff threatened to spit on Wiley. As the two men approached Marlin, he initially thought they were engaged in horseplay, but soon realized there was a disagreement, and called Tindall, his supervisor. When Tindall arrived, he attempted to take control of Plaintiff, and remove his restraints to take him back into the intake area. However, Wiley pulled Plaintiff back toward him, and removed the restraints himself, and pushed Plaintiff in the chest .[1] At that point, with his hands unrestrained, Plaintiff slapped Marlin, knocking his glasses off. A struggle ensued, with Marlin grabbing Plaintiff in a headlock, Tindall pulling Plaintiff's leg shackles out from under him so that he fell, and Marlin assisting in restraining Plaintiff. According to Geddes, Plaintiff was told during the struggle to quit resisting. Once the situation was controlled, Plaintiff was taken to the infirmary, and then to isolation. Plaintiff later received disciplinary sanctions. As a result of the incident, Plaintiff received a superficial cut to his eye, a cut lip, and a large scratch on his back.

---

[1]When an inmate has been in the custody of a county, it is typically the deputy who removes the restraints as custody is transferred. In this case, Tindall attempted to remove the restraints in an effort to separate Plaintiff and Wiley and defuse the situation.

Wiley received two small cuts to his forehead, and Tindall sustained a scratch on his hand.

## II. Analysis

Plaintiff's claim against all Defendants is that they used excessive force against him, and failed to protect him from the use of excessive force. To establish a claim for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The force that was used in this case was the result of Plaintiff striking Wiley in the face. Although is true that Wiley had been pushing Plaintiff prior to the incident, the evidence indicates that the pushing was done gently, and in an effort to cause Plaintiff to continue walking toward the intake area of the prison. There is also evidence that Wiley poked Plaintiff in the chest during the argument. However, "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 at 9. While Wiley's conduct may have been unprofessional, it did not rise to the level of a constitutional violation.[2] There was no justification for Plaintiff's assault on Wiley, and it is clear that the force all the Defendants used was applied in an effort to

---

[2]Plaintiff introduced a letter from Morgan documenting the fact that Wiley's employment with the Pulaski County Sheriff was terminated after the incident (Plaintiff's exhibit #1). However, Plaintiff also introduced letters of reprimand that Wiley had received previously (Plaintiff's exhibits #2-#4). Morgan testified that Wiley's employment was not terminated solely as a result of the incident with Plaintiff, but rather as a result of repeated employment issues, including his belief that Wiley had not been completely forthcoming about his involvement in the situation with deputy Owens and the other inmate on the date in question. According to Morgan, if the incident with Plaintiff had been the only issue, Wiley would not have been terminated.

restore discipline. Likewise, there is no evidence that the amount of force used was excessive, and Plaintiff's injuries were minimal. Because the evidence indicates that Plaintiff was not subjected to excessive force, his complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this  2   day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE